UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 5 2015 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

MARCIA MINAYA DIAZ,

        Defendant.

**MEMORANDUM & ORDER**

14-CR-0657

**JACK B. WEINSTEIN, Senior United States District Judge**

Defendant's motion for a new trial is granted. *See* Fed. R. Crim. P. 33 (trial court "may vacate any judgment and grant a new trial if the interest of justice so requires"). The defendant bears the burden of showing that a new trial is required. *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995). She has satisfied that burden.

"By its terms, Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992); *United States v. Olazabal*, No. 14-CR-2676, 2015 WL 2146503, at *2 (2d Cir. May 8, 2015) (summary order) (same). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). "There must be a real concern that an innocent person may have been convicted." *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (citation and internal quotation marks omitted).

"The Constitution protects a criminal defendant from the arbitrary exclusion of material evidence, and evidence establishing third-party culpability is material." *Wade v. Mantello*, 333 F.3d 51, 58 (2d Cir. 2003). The Sixth Amendment supports this protection of criminal defendants "to a meaningful opportunity to present a complete defense." *Id.* at 57.



A two-part inquiry governs a Sixth Amendment challenge. *See Howard v. Walker*, 406 F.3d 114, 132 (2d Cir. 2005). *First*, the defendant must demonstrate that he was deprived of the opportunity to introduce evidence that was "both material and favorable to his defense." *Id.* (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)). *Second*, "the strength of the prosecution's case as a whole" must be taken into account. *Howard*, 406 F.3d at 132.

Rule 33 of the Federal Rules of Criminal Procedure and the Sixth Amendment requirement have been satisfied. Consideration of the case after the hearing of the motion has convinced the court that justice requires a new trial. *See* Hr'g Tr., June 5, 2015. There remains a substantial question about whether an innocent person has been convicted as a result of a trial court error.

The parties are authorized to obtain a further deposition from Benito Parra-Vasquez.

They shall arrange with Case Coordinator June Lowe to provide, if possible, his testimony at trial through livestream video so that the jury may observe his direct and cross-examination from the courtroom.

*In limine* motions will be heard on July 20, 2015 at 10:00 a.m. By July 13, 2015, the parties shall submit to the court proposed jury charges and verdict sheets, *in limine* motions, and any supporting briefs; they shall exchange and file with the court: (1) lists of pre-marked exhibits, jointly approved as admissible if possible, for use at trial, together with copies of all exhibits; (2) lists of proposed witnesses together with brief summaries of their proposed testimony; and (3) stipulations with respect to all undisputed facts.

Trial will commence in Courtroom 10 B South on July 27, 2015 at 2:00 p.m. A jury will be selected before the magistrate judge that morning, at a time set by the magistrate judge.

SO ORDERED.

*Jack B. Weinstein*
Jack B. Weinstein
Senior United States District Judge

Dated: June 5, 2015
Brooklyn, New York